IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JEAN ANN FOGARTY,<br><br>        Plaintiff,<br>  v.<br><br>LIBERTY MUTUAL HOLDING COMPANY, INC., SAFECO INSURANCE COMPANY OF AMERICA, and SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>        Defendants. | Case No.: 3:24-cv-01998-AN<br><br>OPINION AND ORDER |

      Plaintiff Jean Ann Fogarty brings this action against defendants Liberty Mutual Holding Company, Inc. ("Liberty Mutual"), Safeco Insurance Company of America ("Safeco America"), and Safeco Insurance Company of Illinois ("Safeco Illinois"), alleging claims for breach of contract, unfair trade practices under Montana law, and tortious breach of the implied covenant of good faith. Defendants now move to dismiss the case. After reviewing the parties' filings, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons that follow, the motion is GRANTED.

## LEGAL STANDARD

      A court lacks authority to enter judgment without personal jurisdiction over the parties, consistent with the Due Process Clause of the Fourteenth Amendment. *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604, 608-09 (1990). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). "Oregon law authorizes personal jurisdiction over defendants to the full extent permitted by the United States Constitution." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citing Or. R. Civ. P. 4L). Constitutional due process requires that a nonresident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations

1

omitted).

A defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Courts may evaluate a defendant's motion by considering evidence presented in affidavits. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). When the motion is assessed based on the pleadings and affidavits, rather than through an evidentiary hearing, "the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citations omitted), *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017). Although a plaintiff may not rest solely on the bare allegations of their complaint, *Schwarzenegger*, 374 F.3d at 800, without an evidentiary hearing, courts must take uncontroverted allegations in the plaintiff's complaint as true and resolve conflicts between the parties' affidavit statements in the plaintiff's favor, *Doe*, 248 F.3d at 922.

## BACKGROUND

Plaintiff alleges that she purchased an automobile liability insurance policy from defendants.[1] Notice of Removal, ECF [1], Ex. 1 ("Compl."), ¶ 4. The policy states that it was underwritten by Safeco Illinois, but not Liberty Mutual or Safeco America. *See* Decl. Chester Hill ("Hill Decl."), ECF [11], Ex. 1 ("Policy"), at 5, 8, 12, 16, 23. She alleges that under the terms of the policy and the Montana Insurance Code, defendants were required to provide underinsured motorist benefits for medical claims in the amount of $100,000.00 per person or $300,000.00 per collision. Compl. ¶¶ 6, 16.

Plaintiff does not provide defendants' citizenship in the complaint but asserts that they are, collectively, "a foreign corporation registered and authorized to conduct business in the State of Oregon as an insurance company with offices located in Multnomah County." *Id.* ¶ 2. Defendants clarify that Safeco

---

[1] Plaintiff refers to all defendants, collectively, as "Safeco" throughout the complaint, without differentiating between the entities.

Illinois is incorporated in Illinois and has its principal place of business in Massachusetts; Liberty Mutual is incorporated in in Massachusetts, with a principal place of business in Massachusetts; and Safeco America is incorporated in New Hampshire, with a principal place of business in Massachusetts. Hill Decl. Ex. 2 at 1, Ex. 4 at 1, Ex. 5 at 1. Plaintiff does not plead her own citizenship, but the policy indicates that at the time it was issued, plaintiff resided in Butte, Montana. *See, e.g.*, Policy 2.

On August 4, 2021, plaintiff collided with another motorist, Joseph Aaron Stetzer ("Stetzer"), while driving in Montana. *Id.* ¶¶ 7-8. Plaintiff alleges that Stetzer was an underinsured motorist at the time of the accident and that his negligence caused the collision. *Id.* ¶ 8. Plaintiff timely demanded coverage for her damages under the underinsured motorist benefits provision of the policy, but defendants "failed to satisfy plaintiff's damages." *Id.* ¶¶ 9-10. She alleges that as a result of the collision, she suffered "physical and mental pain, anguish and suffering together with a permanent tearing, twisting and wrenching of the muscles, tendons, ligaments, nerves and soft tissues of her neck and back," "headaches and, in particular, a cervical, thoracic and lumbar sprain/strain," "tachycardia, a lacerated right arm and vertigo," and "a number of fractures." *Id.* ¶ 13. She brings claims for breach of contract, arguing that the terms of the policy and the Montana Insurance Code define Stetzer as an underinsured motorist and require defendants to compensate plaintiff for her losses. *Id.* ¶¶ 16-17, 24. She alleges that defendants were negligent in their review of the claim under the Montana Code Annotated ("MCA") §§ 33-23-201 and 33-18-201. *Id.* ¶ 28. Plaintiff further alleges that defendants tortiously breached the implied covenant of good faith and fair dealing by refusing to provide benefits under the terms of the policy. *Id.* ¶¶ 33-34.

Plaintiff filed the complaint in Multnomah County Circuit Court on October 28, 2024. Defendants timely removed the case to federal court.

Defendant now moves to dismiss the complaint for lack of personal jurisdiction. Mot. to Dismiss ("Mot."), ECF [10], at 1. Plaintiff opposes the motion and, in the alternative, asks the Court to transfer this case to the Western District of Washington or the District of Montana. Pl. Resp., ECF [15], at 5, 9-11.

# DISCUSSION

### A.   Conversion to Motion for Summary Judgment

In her response, plaintiff argues that the Court should convert the motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure ("FRCP") 12(d) because defendants have attached exhibits to the motion. *Id.* at 3. Having converted the motion to one for summary judgment, plaintiff argues that the motion is premature and that the Court should deny it or stay its consideration until the parties can conduct additional discovery. *Id.* at 3-5.

FRCP 12(d) applies to motions to dismiss for failure to state a claim under FRCP 12(b)(6). Here, however, defendants bring a motion to dismiss for lack of personal jurisdiction. FRCP 12(b)(2) and the caselaw permit the parties to submit, and the Court to consider, matters outside the pleadings, such as affidavits. *Data Disc, Inc.*, 557 F.2d at 1285. When determining whether there is personal jurisdiction, these affidavits can be useful, but the more robust discovery generally necessary for a summary judgment motion is not required. Accordingly, plaintiff's request is denied.

### B.   Personal Jurisdiction

There are two kinds of personal jurisdiction: general and specific jurisdiction. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Defendants' motion addresses both.

  1.   *General Jurisdiction*

A court may exercise general jurisdiction over any claims brought against a defendant who is "essentially at home" in the state. *Ford Motor Co.*, 592 U.S. at 358 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A corporation is at home in its place of incorporation and principal place of business. *Id.* at 359.

Defendants argue that the court has no general jurisdiction over them because they are not at home in Oregon. Mot. 5. None of the defendants is incorporated or has its principal place of business in Oregon. Plaintiff does not challenge this fact. Accordingly, the Court lacks general jurisdiction over defendants.

2.   *Specific Jurisdiction*

The Ninth Circuit uses a three-prong test to determine if a defendant has sufficient minimum contacts to establish specific jurisdiction:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of satisfying the first two prongs. *Id.* (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If the plaintiff cannot satisfy both prongs, there is no personal jurisdiction. *Id.* If the plaintiff succeeds in satisfying both prongs, the burden then shifts to the defendant to "'present a compelling case'" that the exercise of jurisdiction would not be reasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

To satisfy the first prong, plaintiff must show that defendant either "'purposefully avail[ed] [itself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws'" or purposefully directed actions at the forum state, even if those actions originated elsewhere. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802). In contract cases, a court generally asks "whether a defendant 'purposefully avails itself of the privilege of conducting activities' or 'consummate[s] [a] transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc) (quoting *Schwarzenegger*, 374 F.3d at 802) (alterations in original). In tort cases, the Ninth Circuit generally applies an "effects test" that asks "whether or not the actions themselves occurred within the forum" in which the actions were felt. *Id.* Put differently, the effects test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th

Cir. 2002)). In applying the effects test, "the plaintiff cannot be the only link between the defendant and the forum. . . . [I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (citing *Burger King*, 471 U.S. at 478; *Kulko v. Superior Ct. of Cal.*, 436 U.S. 84, 93 (1978)). "[A] 'mere injury to a forum resident is not a sufficient connection to the forum.' Rather, 'an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State.'" *Picot*, 780 F.3d at 1214 (quoting *Walden*, 571 U.S. at 285).

To satisfy the second prong, the claims must "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co.*, 592 U.S. at 362 (citation modified). The Ninth Circuit treats the "arising out of" or "relatedness" prong as a "but for" test. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) (citation omitted), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). "Under the 'but for' test, 'a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action.'" *Id.* (quoting *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1996)).

For the third prong, which considers whether the exercise of jurisdiction is reasonable, courts

> "use a seven-factor balancing test that weighs: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum."

*Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 607 (9th Cir. 2018) (citing *Paccar Int'l, Inc. v. Com. Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1064-65 (9th Cir. 1985).

Defendants concede, for purposes of the motion, that they have purposefully availed themselves of the forum, as both Safeco Illinois and Safeco America have issued insurance policies in Oregon and Liberty Mutual owns the stock of both corporations. Mot. 6-7.

Moving to the second prong, defendants argue that the claim does not arise out of or relate

to their forum-related activities because the parties are not domiciled in Oregon, the insurance policy at issue has no connection to Oregon and was issued in Montana, and the underlying accident occurred in Montana. *Id.* at 7-8. Plaintiff does not name or address the prongs and does not challenge these facts. Instead, she provides a list of factors that she believes "weigh in favor of exercising personal jurisdiction," including: defendants "avail themselves to many different jurisdictions" because they represent a large global insurer; defendants are currently hiring for eighty-four positions in Oregon; Liberty Mutual is "one of the largest corporations in the United States" and must therefore have "continuous and systematic contacts with Oregon"; defendants issue insurance policies in Oregon, and customers interact with insurance agents there; defendants are licensed to conduct business in Oregon; and defendants have communicated with Oregon counsel during the course of this lawsuit. Pl. Resp. 6-7. Plaintiff also notes that Liberty Mutual owns Safeco Insurance Company of Oregon ("Safeco Oregon") and, while she correctly recognizes that the relationship of a subsidiary entity is generally not relevant to the analysis, argues that Safeco Oregon should be treated as an alter ego of Liberty Mutual. *Id.* at 7.

Plaintiff essentially alleges that, as national insurers, defendants have contacts with Oregon through selling policies in Oregon, and that Liberty Mutual specifically has connections through a subsidiary organization operating in Oregon. Leaving aside that plaintiff conflates three separate entities and refers to them as one single defendant, the mere fact that a corporation is large and has a national presence does not subject it or its subsidiary or parent companies to jurisdiction in Oregon. The available record shows that, while all three defendants may issue some insurance policies to people living in Oregon, the insurance policy at issue in this matter was issued by Safeco Illinois in Montana to a Montana resident. There is no nexus between defendants issuing some insurance policies in Oregon and the causes of action in this case, which have nothing to do with any insurance policy issued in Oregon. This matter does not arise out of or relate to defendants' putative contacts with Oregon.

Plaintiff has failed to satisfy the first two prongs and make a *prima facie* showing of specific jurisdiction. Accordingly, the Court lacks personal jurisdiction over defendants.

C.  **Transfer of Venue**

28 U.S.C. § 1631 directs the court to transfer an action over which it lacks jurisdiction to any other court in which it could have been brought "if it is in the interest of justice." "A case is 'transferable' when three conditions are met: '(1) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; (2) the transferor court lacks jurisdiction; and (3) the transfer serves the interest of justice.'" *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140 (9th Cir. 2008) (quoting *Puri v. Gonzales*, 464 F.3d 1038, 1043 (9th Cir.2006)).

The Ninth Circuit "has taken a broad view of when transfer is appropriate, recognizing that '[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating,'" unless the matter "is frivolous or was filed in bad faith." *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citation modified)). When considering whether a transfer is in the interest of justice, courts should weigh "whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). There is prejudice to a litigant if dismissal would create a statute of limitations issue for plaintiff. *NxSystems, Inc. v. Monterey Cnty. Bank*, No. 3:12-CV-00905-ST, 2012 WL 4093932, at *9 (D. Or. Sept. 17, 2012).

Plaintiff argues that, in the alternative to dismissal, the Court should transfer this matter to the Western District of Washington or the District of Montana. Pl. Resp. 8-9.

1.  *Transfer to the Western District of Washington*

Plaintiff argues that the Western District of Washington is an appropriate transferee court because "Safeco is headquartered in Washington State." Pl. Resp. 9; Decl. Kymber Lattin, ECF [16], Ex. 7 (business registration showing that nonparty Safeco Corporation has its principal place of business in Massachusetts and is registered to do business in Washington). Plaintiff also notes that prior to 2018, the Seattle Mariners played at Safeco Stadium, demonstrating "the involvement of Safeco and Liberty Mutual both with the Mariners and the community more generally." Pl. Resp. 9. Defendants oppose, arguing that

the Western District of Washington lacks jurisdiction. Def. Reply, ECF [19], at 14.

No defendant has its place of incorporation or principal place of business in Washington, so the Western District of Washington cannot exercise general jurisdiction over defendants. The fact that Safeco Corporation, a nonparty, is incorporated in Washington is not material to the analysis. Similarly, the fact that a Safeco Stadium existed in Washington prior to 2018 is uninformative. Plaintiff does not explain why the Western District of Washington would be able to exercise specific jurisdiction over defendants, and the Court finds no reason that it could. First, plaintiff fails to identify any contacts that defendants have with Washington. As in the Oregon jurisdictional analysis, there is nothing to suggest that the causes of action arise out of or relate to defendants' contacts, to the extent that they may exist, with Washington. There is no basis for the Western District of Washington to exercise personal jurisdiction over defendants. Because the Western District of Washington would have lacked jurisdiction over this matter at the time it was filed, transfer to the Western District of Washington is inappropriate.

2.   *Transfer to the District of Montana*

In the alternative, plaintiff argues that transfer to the District of Montana is proper because the underlying motor vehicle accident occurred in Montana and the insurance policy was issued there. Pl. Resp. 10. Defendants concede that the District of Montana has specific jurisdiction over Safeco Illinois. They argue that, if the Court declines to fully dismiss the case, it should instead dismiss the claims against Liberty Mutual and Safeco American and transfer the remaining claims against Safeco Illinois to the District of Montana. Def Reply 2, 13.

Safeco Illinois is subject to specific jurisdiction in the District of Montana because it purposefully availed itself of the forum, the claim arises out of Safeco Illinois' forum-related activities, and the exercise of jurisdiction is reasonable. It is not clear, however, that either Safeco America or Liberty Mutual is subject to personal jurisdiction in Montana. There is no general jurisdiction, as neither Safeco America nor Liberty Mutual is incorporated or has its principal place of business there. Plaintiff does not explain why the District of Montana could exercise specific jurisdiction over these two defendants. They may, as large corporations with national reach, do some kind of business in the state. The causes of action

in this complaint, however, do not arise out of or relate to those hypothetical contacts. Neither Safeco America nor Liberty Mutual issued the policy at issue, and it is not entirely clear what relationship they have at all with plaintiff or why they were named as defendants in this complaint. The District of Montana could not exercise personal jurisdiction over Safeco America or Liberty Mutual and is therefore not an appropriate transferee court.

In addition, the Court will not transfer solely the claims against Safeco Illinois to the District of Montana. First, the plain text of 28 U.S.C. § 1631 only permits transfer when the transferee court could have exercised jurisdiction over the entire "action or appeal," not some subset of claims within the action. Even if the statute permitted this, it is not apparent that a partial transfer would be in the interest of justice. Should plaintiff wish to litigate claims against Safeco America and Liberty Mutual, as she appears to desire, dismissing part of the case and transferring the rest would force her to litigate piecemeal in multiple venues. The statute of limitations for an action based on contract or other obligation under Montana law is eight years, so plaintiff will not be barred from bringing a subsequent suit in the venue of her choice. *See* Mont. Code Ann. § 27-2-202. Accordingly, transfer to the District of Montana is inappropriate, and the Court denies plaintiff's request for transfer.

## CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss, ECF [10], is GRANTED. This case is DISMISSED.

IT IS SO ORDERED.

DATED this 28th day of August, 2025.

Adrienne Nelson
United States District Judge

10